**Abatement Order filed May 3, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00122-CR

_____

**REGINALD TYRELL PRICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1268303**

## ABATEMENT ORDER

On December 14, 2011, appellant filed an Agreed Motion to Abate Appeal. The substance of this motion pertained to the integrity of certain ballistics evidence. On December 15, 2011, this Court granted the State's Additional Motion to Abate Appeal for Findings and Conclusions and ordered the trial court to reduce to writing it findings of facts and conclusions of law on the voluntariness of appellant's custodial statement. The trial court complied with this Court's order, and this Court has received a supplemental clerk's record and reporter's record stemming from the abatement. This case was reinstated on this Court's active docket and was submitted on January 11, 2012.

According to appellant's motion, the parties were attempting to resolve the evidentiary issue. It is unclear from the record whether the substance of appellant's agreed motion to abate was addressed during the previous abatement.

Accordingly, we abate this appeal for 30 days and remand to the trial court to conduct a hearing on the integrity of firearms and ballistics evidence referenced in appellant's agreed motion to abate appeal. The judge shall see that a record of the hearing is made, and shall order the court reporter and the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the trial court's signed order ruling on the motion for new trial. Those records shall be filed **within 30** days of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental reporter's and clerk's records are filed. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

**In the event this matter has been resolved or is resolved prior to the expiration of 30 days, it is requested that the parties inform the court as soon as possible.**

PER CURIAM

2